UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN ALBERTO RIVERA MISLA,

      Plaintiff,

v.                                             Case No: 6:20-cv-1076-DCI

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

MEMORANDUM OF DECISION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his application for disability insurance benefits. In a decision dated May 22, 2019, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from December 12, 2015, the alleged disability onset date, through March 31, 2017, the date last insured. R. 17-31. Having considered the parties' briefing, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

**I.  Issues on Appeal**

Claimant makes the following argument on appeal: the ALJ did not apply the correct legal standards to the opinions of Dr. Prickett or Dr. Mendelson. *See* Doc. 22 at 12.

**II.  Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not

> decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.  Discussion

Claimant argues that the ALJ erred in discounting the opinions of consultative psychological examiners Drs. Prickett and Mendelson. Doc. 22 at 12-16. The Court rejects this argument.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed his claim after March 27, 2017,[1] 20 C.F.R. § 404.1520c and 20 C.F.R. § 416.920c are applicable in this case. Under

---

[1] Claimant filed his claim on April 19, 2018. Doc. 15 at 1.

these provisions, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medical findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[2] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c)(1)-(5); 416.920c(c)(1)-(5).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).  Thus, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)-(2); 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors").  20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir.

---

[2] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

Mar. 9, 2007) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam)(same)).

In addressing the opinions of Dr. Prickett and Dr. Mendelson, the ALJ summarized those opinions and then stated as follows:

> I find the State agency psychological consultants' opinions very persuasive, they are <u>supported</u> by the evidence listed in the opinions, such as normal mental status findings, showing that the claimant is "cooperative, well groomed, tense, normal speech, anxious, appropriate affect, no psychosis, goal directed, no preoccupations, not suicidal, normal cognitive/memory functions" (Exhibit B3A/7). The State agency psychological consultants' opinions are also <u>consistent</u> with the overall evidence of record, which show normal memory, goal oriented thought processes, normal cognition, cooperative behavior, and normal insight and judgment (Exhibit B3F/3, 4, and 6), as well as the claimant's own admissions of normal daily activities (Exhibit B5E).

R. 29.

The ALJ articulated reasons, supported by substantial evidence, for finding the opinions of Dr. Prickett and Dr. Mendelson "very persuasive." *Id.* Claimant appears to argue that the ALJ erred, not in finding these opinions "very persuasive," but in "fail[ing] to explain why he did not adopt Drs. Prickett and Mendelson's opinions that [Claimant] would need an 'understanding supervisor.'" *See* Doc. 22 at 14 (citing R. 89, 90, 102). As an initial matter, the Court is not convinced that a statement that Claimant "would need an understanding supervisor" constitutes a medical opinion.[3] Claimant presents no argument and offers no citation to legal authority on that point. Further, the regulations provide that the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §

---

[3] A medical opinion is a statement from an acceptable treating, examining, or non-examining medical source that "reflect judgments about the nature and severity of [claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite [his or her] impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

404.1520c(a). Thus, an ALJ need not adopt every part of an opinion that the ALJ finds persuasive. *See id.*

> In an apparent attempt to argue to the contrary, Claimant states:
>
> Social Security Ruling ("SSR") 96-8p2 provides "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator **must explain** why the opinion was not adopted." (Emphasis added). In this case, the ALJ failed to explain why he did not adopt Drs. Prickett and Mendelson's opinions that Mr. Rivera Misla would need an "understanding supervisor" due to his moderate limitation in his ability to accept instructions and respond appropriately to supervisors (Tr. 89, 90, 102). The ALJ's failure to account for these opinions was prejudicial to Mr. Rivera Misla's case.

Doc. 22 at 14. However, Claimant does not explain why a statement that Claimant would need an "understanding supervisor" constitutes an opinion; does not explain (if such a statement does constitute an opinion) how such an opinion conflicts with the RFC; and does not expound upon what it means to need an "understanding supervisor." *See* Doc. 22. Accordingly, the Court finds Claimant's argument on this point unpersuasive. Additionally, to the extent Claimant suggests that the ALJ erred in not including the need for an "understanding supervisor" as a functional limitation in the RFC or in the hypothetical question to the Vocational Expert, Claimant has not raised that issue in this appeal, and the Court will not address such a suggestion in this Order.

### IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed. Accordingly, it is **ORDERED** that:

1. The Commissioner's decision is **AFFIRMED**; and

2. The Clerk is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** in Orlando, Florida on June 14, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties